IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREAT SOUTHERN WOOD PRESERVING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:15-CV-384-WKW [WO] |
| THRIFT BROTHERS LUMBER CO., INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Great Southern Wood Preserving, Inc. commenced this action against Thrift Brothers Lumber Company, Inc., Joel R. Thrift, and Roger B. Thrift (collectively "Defendants") in the Circuit Court of Henry County, Alabama. The lawsuit is based upon an unpaid promissory note executed by Thrift Brothers Lumber Company, Inc., and the personal guaranties of Joel R. Thrift and Roger B. Thrift, as well as a loan modification and security agreement executed by the parties. Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Before the court is Plaintiff's motion to remand (Doc. # 10), which is based upon substantially identical forum selection clauses contained in the five instruments executed in connection with the loan. Defendants filed a response in

opposition (Doc. # 12) to which Plaintiff replied (Doc. # 17).  For the reasons to follow, the motion is due to be granted.

## I.  STANDARD OF REVIEW

An action filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  Courts have original jurisdiction over diversity actions and cases raising a federal question.  28 U.S.C. §§ 1331, 1332(a).  Plaintiff does not challenge Defendants' removal on the basis of diversity jurisdiction, but rather premises its motion to remand on a forum selection clause.  "Forum selection clauses in contracts are enforceable in federal courts." *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citing *M/S Bremen v. Zapata Off–Shore Co* ., 407 U.S. 1, 15 (1972)).  The court may "remand a removed case when appropriate to enforce a forum selection clause."  *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999).

## II.  DISCUSSION

The Eleventh Circuit "characterize[s] forum-selection clauses as either 'permissive' or 'mandatory.'"  *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (quoting *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004)).  "'A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation

elsewhere.'" *Id.* (quoting *Global Satellite*, 378 F.3d at 1272). On the other hand, "[a] mandatory clause . . . 'dictates an exclusive forum for litigation under the contract.'" *Id.* (quoting *Global Satellite*, 378 F.3d at 1272). "One hallmark of a mandatory clause is the use of the imperative 'shall,' which prescribes a 'requirement.'" *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (citation omitted).

A forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court. *Snapper*, 171 F.3d at 1260. "[I]n the context of removal based solely on diversity jurisdiction, ordinary contract principles govern a contractual waiver [of removal]." *Id.* at 1261 (internal footnote omitted). "However, when ordinary contract principles fail to elucidate a single reasonable interpretation for an *ambiguous provision*, and instead the provision is subject to opposing, yet reasonable interpretation[s], an interpretation is preferred which operates more strongly against the party from whom the words proceeded."[1] *Global Satellite*, 378 F.3d at 1271 (citations and quotation marks omitted) (emphasis added).

---

[1] Because the parties have not argued that there are any material distinctions between Alabama law and federal common law with respect to the interpretation of the forum selection clause, it is not necessary to decide which body of law applies. *See AdvanceMe, Inc. v. Le Magnifique, LLC*, No. 1:13-CV-2175, 2014 WL 61526, at *2 (N.D. Ga. 2014) (observing the absence of "Eleventh Circuit authority expressly discussing . . . whether the Court applies federal common law or state law when interpreting a waiver of removal contained in a forum selection clause," but assuming that any differences were immaterial based upon the failure of the parties to cite any authority suggesting otherwise).

Plaintiff argues that the forum selection clause is mandatory and that Defendants contractually waived their right to removal. Defendants contend, however, that the clause is ambiguous as to a waiver of their right to remove this action to federal court.

The forum selection clause[2] at issue reads as follows:

> Maker hereby submits itself to jurisdiction in the State of Alabama for any action or cause of action arising out of or in connection with the loan or the loan documents, agrees that venue for any such action shall be in the state courts of Henry County, Alabama, and waives any and all rights under the laws of any state to object to jurisdiction or venue within Henry County, Alabama.

(Doc. # 1-6, Ex. A (Promissory Note).) The language in the clause dictating that venue "shall be in the *state courts* of Henry County, Alabama[,]" speaks in mandatory terms ("shall") and limits venue to the "state courts." It offers no potential for a federal-court forum. Not surprisingly, Defendants do not argue that this provision is permissive, rather than mandatory. Surprisingly, they fail to mention at all this provision of the forum selection clause.

Rather, arguing that the forum selection clause is ambiguous, Defendants rely exclusively on the language in the clause that states that Defendants "waive[ ] any and all rights under the laws of any state to object to jurisdiction or venue

---

[2] Each document associated with the loan (the promissory note, the personal guaranties, the loan modification, and the security agreement) contains virtually the same forum selection clause; therefore, the court refers to the clause as a singular one for purposes of the analysis. The clause above binds the "Maker" of the promissory note, which is Thrift Brothers Lumber Co. The other clauses in the loan documents bind the "debtor" (again Thrift Brothers Lumber Co., Inc.) and the "guarantors" (Joel R. Thrift and Roger B. Thrift).

within Henry County, Alabama." (Doc. # 12.) Arguing that this clause does not include a waiver of their rights under any *federal* laws, Defendants contend that they did not waive their right to remove this action to a federal court. Defendants also argue that the forum selection clause in *Snapper*, a decision relied upon by Plaintiff, is distinguishable. In *Snapper*, the Eleventh Circuit held that the forum selection clause's "waiver of 'whatever rights [may correspond to defendant by reason of domicile]' encompasse[d] all rights," which necessarily included the right of removal. 171 F.3d at 1262. Because there is not a waiver of "whatever rights" which may correspond to Defendants due to their domicile in the forum selection clause in this case, Defendants argue that *Snapper* is distinguishable and that there is no similar waiver of the right of removal.

Defendants' argument ignores the language in the forum selection clause that dictates "that venue for any such action *shall be in the state courts of Henry County, Alabama*." (Doc. # 1-6, Ex. A (emphasis added).) Similar language mandating litigation in a state-court forum was not present in *Snapper*'s forum selection clause, which gave the creditor an "absolute right" to commence a collection action either in a designated state or federal court and "require[d] an absolute submission by [the guarantors] to the jurisdiction of whichever of these fora that [the creditor] cho[se]." 171 F.3d at 1260, 1262 n.24. *Snapper* presents no impediment to a finding of waiver of the right to remove in this case.

5

Moreover, the forum selection clause in *Global Satellite* happens also to be instructive principally for the distinctions in its wording. In *Global Satellite*, the Eleventh Circuit addressed a forum selection clause that bound the parties "in the event of litigation to submit to the jurisdiction of Broward County, Florida." 378 F.3d at 1271. It held that the clause was ambiguous in part because, assuming jurisdiction "referred to jurisdiction exercised by a forum," Broward County was "host to several forums," including both federal and state courts. The court could "only guess" which forum the forum selection clause "intended to designate." *Id.*

The defects that led the Eleventh Circuit to conclude that the forum selection clause in *Global Satellite* was ambiguous, however, are not present in this case. The forum selection clause designates a specific *state* forum in which venue "shall be." (Doc. # 1-6, Ex. A.) The clause is not, therefore, "vague and imprecise" as to whether a federal forum is within the clause's reach. *Global Satellite*, 378 F.3d at 1274. Furthermore, even if the forum selection clause here had failed to designate a forum (*i.e.*, "the state courts of Henry County, Alabama"), it is notable that the district courts for the Middle District of Alabama sit by statutory designation in Montgomery, Dothan, and Opelika. 28 U.S.C. § 81(b)(3). Not one of these locations is situated in Henry County, Alabama. In contrast, the geographical location designated in *Global Satellite*, *i.e.*, Broward County, encompassed both federal and state courts. 378 F.3d at 1271. The fact that there is not a federal court

6

in Henry County, Alabama, distinguishes the forum selection clause in this case from the one in *Global Satellite*. *See Cornett*, 465 F. App'x at 843 (holding that the forum selection clause that "venue shall be Suwannee County[,] Florida," was not ambiguous because while Suwannee County was within the Middle District of Florida, there was no federal court in that county); *see also Paolina v. Argyll Equities, LLC*, No. SA-05-CA-0342-XR, 2005 WL 2147931, at *4 (W.D. Tex. Aug. 31, 2005) (observing that most courts that have been asked to interpret a forum selection clause "where venue is specified in a county that has no federal court, have held that the clause cannot reasonably be interpreted to permit suit in a federal court located in a different county." (collecting cases)).

In sum, the use of "shall" in the forum selection clause mandates that "the state courts of Henry County, Alabama," is the exclusive forum that satisfies the venue requirement. This phrase is mandatory, and the forum selection clause is unambiguous. Defendants have waived their right of removal from the chosen state forum. Plaintiff's motion to be remand is due to be granted.

### III. CONCLUSION

Because the forum selection clause is mandatory and unambiguous, Defendants contractually waived their right to remove this action to federal court. Accordingly, it is ORDERED that Plaintiff's motion to remand (Doc. # 10) is

7

GRANTED and that this action is REMANDED to the Circuit Court of Henry County, Alabama.

The Clerk of the Court is DIRECTED to take the steps necessary to effectuate the remand.

DONE this 7th day of October, 2015.

                                       /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE